UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

IN RE:

JAYNE M. ANDERSON,                                                              Case No. 13-16039

                Debtor
_____

**TRUSTEE'S MEMORANDUM OF LAW**
_____

NOW COMES Nicholas A. Heike, as attorney for the Trustee, who states as follows:

**FACTS**

The Debtor in this case previously resided in and owned a home in Paynesville, Minnesota.  On November 9, 2012, the Debtor sold her Minnesota home on a contract for deed (the "Land Contract") and moved to Wisconsin.   The Land Contract provided for a sales price of $50,000, which accrued interest at 5%, and was to be paid as follows: a down payment of $10,000; and monthly payments of $500 until November 9, 2017 when the remaining unpaid balance was due in full.  To date, the Debtor has received approximately $19,000 in payments applied to the principal and interest on the Land Contract.  According to the amortization schedule recorded with the Land Contract, the principal balance remaining due and owing to the Debtor as of the December 23, 2013 bankruptcy filing date was $35,556.66 (the "Balance Due").

The Debtor has claimed the Balance Due as exempt under the Minnesota homestead exemption statute.   The Trustee has objected to this exemption.

**ARGUMENT**

    **I.**    **Debtor May Only Exempt Proceeds Received Within One Year Of Sale.**

Under the Minnesota homestead exemption statute, a debtor may only exempt sales

proceeds for a period of one year after the sale. Indeed, the statute provides as follows:

> The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in the owner's hands….

Minn. Stats. § 510.07

In a land contract case, the "sale" occurs on the date the land contract is executed. In re Ehrich, 110 B.R. 424, 429 (Bankr. D. Minn. 1990) (sustaining the Trustee's objection to the debtor's exemption in land contract payments received by the debtor more than one year after the date the land contract was executed).

In the case at bar, the Land Contract was executed on November 9, 2012. Applying the one-year rule under the Minnesota homestead exemption, the Debtor may not exempt any payments she receives from the Land Contract after November 9, 2013. Accordingly, the Trustee asserts that the $35,556.66 Balance Due on the Land Contract is not exempt.

## CONCLUSION

The Trustee requests that the Court deny the Debtor's homestead exemption in the $35,556.66 Balance Due remaining on the Land Contract.

Dated this 20th day of May, 2014.

            RUDER WARE

         By: *Nicholas A. Heike /s/*
            Nicholas A. Heike
            Attorney for the Trustee
            State Bar # 1061493

402 Graham Avenue
P.O. Box 187
Eau Claire, WI 54702-0187
Telephone: 715.834.3425
Fax: 715.834.9240

{E0465323.DOC/1}  2